UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

REBALD D. PATTON

V.

State of Texas
District Attorney Rosemary Lehmberg
County Attorney David Escamilla
Travis County Sheriff Greg Hamilton
Securus Communications

Civil Action No.

A15CV0164LY

FILED
FEB 23 2015
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

## I Jurisdiction & Venue

1. This is a Civil Action authorized by 42 U.S.C Section 1983 to redress the deprivation, under the color of state law, the Rights secured by the Constitution of the United States.

   The Court has jurisdiction under 28 U.S.C Section 1331 and 1343 (a)(1)(2)(3)(4). The Court also has jurisdiction under 42 U.S.C Section 1985 (2)(3)

   Plaintiff seeks Declaratory Relief pursuant to 28 U.S.C Section 2261 and 2202. Claims for Injuntive Relief are authorized by 28 U.S.C. Section 2284. Fed.R.Civ.P. Chapter 65.

   Also Chapter 65 Title III Section 65.011 Civ.P. Rem.C of Extraordinary Writs of Injunction. Rule 48(b) Fed.R.Crim.P.

2. The Travis County District of Austin is an appropriate venue under 28 U.S.C Section 1391 (b)(2) because it is where the events given rise to this claim occurred

3. Plaintiff Patton is and was at all times mentioned herein, a prisoner of the State of Texas in custody of Travis County Correctional Complex, currently confined in Del Valle, Texas and presenting his claims Pro Se

Page 1

# DEFENDANTS

4  Defendant Rosemary Lehmberg, District Attorney, Travis County Texas, Blackwell Thurmon Criminal Justice Cntr. 509 W 11th Street Austin, Texas 78701

5  Defendant David Escamilla, County Attorney, Travis County Texas, Blackwell Thurmon Criminal Justice Cntr. 509 W 11th Street Austin Texas 78701

6  Defendant Greg Hamilton, Travis County Sheriff Travis County Texas, Travis County Correctional Complex 3614 Bill Price Road Del Valle Texas 78617

7  Defendant Securus Communications
   www.securustech.net
   1-800-844-6591

## III FACTS

8. ON OCT 26, 2014 PLAINTIFF PATTON FILED MOTION FOR SPEEDY TRIAL TO BE SET ON OR BEFORE NOV 17, 2014 AND EXPLAINED TO THE COURTS THAT HIS ONLY MATERIAL WITNESS WOULD BE LEAVING STATE AND WOULD NO LONGER BE AVAILABLE FOR TRIAL AFTER THAT DATE.

9. PLAINTIFF USED DEFENDANTS SPEEDY TRIAL FORM THAT INCLUDED INDICTMENT DISMISSAL FORM TO BE GRANTED IN THE EVENT SPEEDY TRIAL BE DENIED, INDICTMENT BE SET ASIDE DUE TO JUDICIAL PREJUDICE AND VIOLATION TO SPEEDY TRIAL CLAUSE TO 6TH AND 14TH U.S. AMENDMENTS

10. ON NOV 19, 2014 IN THE 299TH DISTRICT COURT TRAVIS COUNTY TEXAS, PLAINTIFF'S MOTION FOR SPEEDY TRIAL WAS DENIED. ALSO INDICTMENT DISMISSAL DENIED.

11. ON NOV. 20 2014, PLAINTIFF STARTED COLLATERAL ATTACK ON 299TH DISTRICT COURT, CLAIMING VIOLATION OF CIVIL RIGHT TO SPEEDY TRIAL AND IMPAIRMENT OF LEGAL DEFENSE DUE TO JUDICIAL PREJUDICE.

12. ON DEC 1, 2014 PLAINTIFF FILED REDRESS OF GRIEVANCE WITH THE STATE OF TEXAS IN THE 299TH DISTRICT COURT.

13. ON DEC. 25, 2014, PLAINTIFF FILED MODIFIED HABEAS CORPUS PETITION TO ADDRESS CIVIL RIGHTS CLAIM UNDER SPEEDY TRIAL ACT OF TEXAS CONSTITUTION AND U.S CONSTITUTION WITH THE STATE OF TEXAS AND 299TH DISTRICT COURT.

14. PLAINTIFF RECIEVED NO RESPONSE FROM STATE OR COURT.

15. ON DEC 30, 2014 PLAINTIFF FILED MODIFIED HABEAS CORPUS PETITION WITH MARION SWEAT CIVIL COURTHOUSE AUSTIN TEXAS.

16. ON FEB 12, 2015 MARION SWEAT CIVIL COURTHOUSE CLERK RETURNED HABERS FORM STATING NO FORM AVAILABLE TO ADDRESS PRETRIAL CIVIL RIGHTS VIOLATIONS.

17. ON FEB 13, 2015 PLAINTIFF ACCERTAINED THAT THE STATE OF TEXAS HAS ESTABLISHED PROCEDURES THAT ARE INEFFECTIVE AND INADEQUATE TO OFFER ANY REMEDY AT LAW OR RELIEF FOR PRETRIAL CIVIL RIGHTS VIOLATIONS.

## III Facts

18. ON JAN 20, 2015 AFTER WAITING 30 DAYS FOR STATE TO RESPOND TO FEDERAL CLAIMS SENT TO DISTRICT ATTORNEY AND THE 299TH DISTRICT COURT, PLAINTIFF FILED SUCCESSIVE FEDERAL CLAIM AGAINST THE STATE FOR VIOLATIONS OF CIVIL RIGHTS CAUSING PREJUDICE AND IMPAIRMENT TO LEGAL DEFENSE

19. ON FEB 15, 2015 AT THE TIME THESE FACTS WERE BEING WRITTEN, PLAINTIFF HAS NOT HAD ANY RESPONSE FROM THE STATE OF TEXAS FOR REDRESS OF GRIEVANCE, COMPLAINTS OR FEDERAL CLAIMS OF CIVIL RIGHTS VIOLATIONS

20. ON FEB 13, 2015 PLAINTIFF HAD LEGAL CONSULTATION WITH T.M. ZELHART, T.M. ZELHART HAD OBTAINED DISCOVERY OF EVIDENCE ENTERED BY THE STATE PROSECUTORS THAT CONTAINED ILLEGAL WIRE TAPS OF CONFIDENTIAL AND PRIVATE CONVERSATIONS OF PRETRIAL DETAINEE'S INCARCERATED AT TRAVIS COUNTY CORRECTIONAL COMPLEX,

21. PLAINTIFF, THROUGH INFORMATION AND BELIEF, AND DISCOVERY THROUGH NEWSPAPER ARTICLES, HAS CONFIRMED A CONSPIRACY THROUGH DEFENDANTS ROSEMARY LEHMBERG, DAVID ESCAMILLA, GREG HAMILTON AND SECURUS COMMUNICATIONS TO ILLEGALLY OBTAIN CONFIDENTIAL AND PRIVATE CONVERSATIONS OF PRETRIAL DETAINEE'S TO GAIN SENSATIVE INFORMATION PERTAINING TO THE LEGAL DEFENSES OF ALL PRETRIAL DETAINEE'S WITH THE MALICIOUS AND SADISTIC INTENT OF CAUSING IMMEDIATE AND IRREPARABLE IMPAIRMENT OF LEGAL DEFENSE TO ALL PRETRIAL DETAINEE'S HOUSED UNDER THE CARE OF DEFENDANT GREG HAMILTON AT TRAVIS COUNTY CORRECTIONAL COMPLEX

## III FACTS

22  Plaintiff has confirmed that Defendant Greg Hamilton has conspired with Securus Communications to illegally record confidential and private conversations of Pretrial Detainee's at Travis County Correctional Complex, to be broadcast through Securus Communications to web sites where State Prosecutors can gain access to critical and confidential information about the legal defense of Pretrial Detainee's to be used in a court of law

23  With the deliberate intention of impeding, hindering, obstructing and defeating, in every manner, the due course of justice, and

24  With the malicious and sadistic intent to impair the legal defense of Pretrial Detainee's

25A  Plaintiff claims Defendants actions to not be random acts,

25B  But a pattern misconduct and abuse of state process, official position and power, dating as far back as 2012, as indicated by recent investigations

26A  Plaintiff claims Defendants have continued illegal wire taps while he has been litigating in Federal Court, causing a concern with conspiracy to obstruct justice in the Federal Courts as well

26B  Plaintiff also claims that the combined actions of the Defendants have also violated Articles 1, 2, 3, 5, 6, 7, 8, 10, and 11 of the Declaration of Human Rights

## IV  Legal Claims

Plaintiff Reallege and incorporate By Reference Paragraphs 8-20 Purtaing to Civil Rights Claims in 299th District Court

27  Plaintiff Claims Denial of Speedy Trial Caused Prejudice By Loss of Material Witness and Unnecessary Delay.

28  Plaintiff Claims Denial of Speedy trial Caused Impairment of Legal Defense with which There is No Adequate Remedy At Law. It was Imparative that this Case Be Exposed While it was Fresh.

29  Plaintiff Claims the State Violated the Provisions of The Texas Speedy Trial Act of July 1, 1978 under VACCP, Article 32A.01, 32A.02, 28.061.

30  Citations of Authority

31  Meshell v State 739 S.W. 2d 246 1987 Tex Crim. App Lexis 622

32  Garcia v Dial  596 S.W. 2d (Cr. App 1980)

33  Euziere v State 648 S.W. 2d 700

Plaintiff Reallege and incorporate By Reference Paragraphs 20-26 Purtaining to Abuse of State Process and Conspiracy

34  Plaintiff Claims Defendants Actions Caused Deprivation of Liberty Under Color of State Law Without Due Process Parrah v Taylor 451 U.S. 527 68L.Ed

35  Meeting the Requirements For Cause of Action under 42 U.S.C. Section 1983, Bretz v Kelman 722 F 2d 503 (9th Cir. 1983)

36  Plaintiff Also Claims Defendants Actions of Conspiracy to Obstruct Justice in the State Courts meet the Requirements For Cause of Action under 42 U.S.C Section 1985 (2) Second Clause (3) 1st and 2nd Clause. Griffin v Breckenridge 403 U.S. 88, 102 29L.Ed 2d 338, 91 S.Ct 1790 (1971)

37  Plaintiff Also Claims that Pretrial Detainee's Accurately Fit The Discription of Racial and Class Based Animus For Invidious Descrimination.

## IV Legal Claim

38  Plaintiff claims that the Defendants actions constitute direct abuse of the state process and official position.

39  Also conspiracy to interfere with the administration of justice in the state courts

40  Plaintiff claims that Defendants Rosemary Lehmberg, David Escamilla, Greg Hamilton and Securus Communications have conspired to illegally record confidential and private conversations of pretrial detainees housed at Travis County Correctional Complex, for the sole purpose of impeding, hindering, obstructing and deferring, in every manner, the due course of justice

41  With the deliberate intent of denying pretrial detainee's the equal protection of the laws.

42  Plaintiff Patton claims this state interference and conspiracy by Defendants Rosemary Lehmberg, David Escamilla, Greg Hamilton and Securus Communications to be a direct violation of 42 U.S.C Section 1985 (2) 2nd clause, 1st clause too if wire taps continue while litigating in federal court, and possibly 1985 (3) 1st and 2nd clause

43  Plaintiff claims that the pretrial detainee's housed at the Travis County Correctional Complex accurately fit the description of racial and class based victims of invidious descrimination, and therefore meet the requirements of Section 1985 (2) second clause and 1985 (3) 1st and 2nd clause.

44  Plaintiff claims Defendants violated the 4th Amendment as applicable through the 14th Amendment Due Process Clause against unreasonable search, seizure and government intrusion, violation of pretrial detainee's clause under 5th, 6th and 14th Amend. U.S. Cons.

## IV  Legal Claims

45  Plaintiff claims Defendants actions caused deprivation of liberty, under color of state law, without due process

46  Plaintiff claims Defendants Rosemary Lehmberg, David Escamilla actions accurately fit the discription of prosecutorial misconduct.

47  And Defendants Greg Hamilton and Securus Communications actions accurately fit the discription of abuse of state process, and official position

48  Plaintiff claims that the combined actions of the Defendants have caused immediate and irreparable harm and injury to the legal defense of the Pretrial Detainee's housed under the care of Defendant Greg Hamilton at Travis County Correctional

49  Plaintiff claims Defendants actions have deliberately and intentionally left Plaintiff Patton with no adequate remedy at law for the injury caused

50  Plaintiff also claims that Defendants have violated the Miranda Law of 1966 by not informing Pretrial Detainee's that whatever is said during confidential and private conversation while using Securus Communication Systems would be broadcast though world wide web, and obtained by State Prosecutors to be used in a court of law, to shift the balance of advantage in the favor of State Prosecutors, and moreover, weaken defense of pretrial Detainee's.

51  A direct mis-use of power, and Prosecutorial Misconduct

52  Plaintiff claims that these oppressive tactics are not available to police or prosecutors without a court order

53  Plaintiff claims that under our Constitutional system these oppressive tactics are intolerable as a matter of fact, impermissable as a matter of law

# LEGAL CLAIM

54. Plaintiff claims that the Pretrial Detainees Housed At Travis County Correctional Complex meet the Requirements of Racial and Class Based Animus Essential to state a Claim under 42 U.S.C Section 1985 (2)(3)

55. Plaintiff Claims the Defendants Actions of Conspiracy to interfere with Justice in the State Courts " With intent to Deny Pretrial Detainee's Due and Equal Protection of the Law to be invidious Descrimination

56. Plaintiff Claims that Defendants were Performing Illegal Wire Taps while he has been Litigating in the Federal Court, Causing a Concern with Interference in the Administration of Justice in the Federal Courts As well,

57. Possibly Creating a Cause of Action under 42 U.S.C Section 1985 (2) 1st Clause As well, Not Requiring Racial or Class Based Animus

58. Plaintiff Claims that When Challenging the Direct Abuse of State Process itself, it is meaningless to speak of the States Ability to Provide a Post Deprivation Remedial Process Where the State Process itself has Been Abused.

59. Plaintiff Has Found Local Administrations to be Inadequate and Unwilling to Apply the Proper Corrective

60. Plaintiff Respectfully Prays that the United States Magistrate see and Understand His Point, and Let Not Justice Close the Doors of Her Temple on this Cause of Action

61. THESE ILLEGAL ACTIONS ARE CAUSING INJURY TO PLAINTIFFS CONSTITUTIONAL RIGHTS

62. PLAINTIFF PATTON HAS NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPAIRABLY INJURED BY THE CONDUCT OF THE DEFENDANTS UNLESS THE COURT GRANTS THE DECLARATORY AND INJUNCTIVE RELIEF WHICH PLAINTIFF SEEKS.

## Prayer For Relief

WHEREFORE, PLAINTIFF RESPECTFULLY PRAY THAT THIS COURT ENTER JUDGEMENT:

63. GRANTING PLAINTIFF PATTON A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATE HIS RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES, AND

64. A PRELIMINARY AND PERMINANT INJUNCTION ORDERING DEFENDANTS TO CEASE INVIDIOS DESCRIMINATION AGAINST PRETRIAL DETAINEE'S, AND MOREOVER, AND TO BE SURE, CEASE THIER CONSPIRACY TO DISTORT AND CORRUPT THE COURSE OF JUSTICE.

65. DISCHARGE PROSECUTION FOR CAUSING ACTUAL PREJUDICE AND IMPAIRMENT OF LEGAL DEFENSE ON CAUSE DIDC14205610

66. PLAINTIFF ALSO SEEKS A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY

67. PLAINTIFF ALSO SEEKS RECOVERY OF COSTS IN THIS SUIT, AND

68. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER AND EQUITABLE.

DATED FEB 17, 2015

RESPECTFULLY SUBMITTED
Ronald D. Patton 1438891
TRAVIS COUNTY CORRECTIONAL
3614 BILL PRICE ROAD
DEL VALLE, TEXAS 78617

# Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct

Executed at Del Valle, Texas on February 17, 2015

Ronald D Patton

*Ronald D. Patton*