IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RONALD D. PATTON** | § | |
| | § | |
| **V.** | § | **A-15-CA-164-LY** |
| | § | |
| **STATE OF TEXAS, et al.** | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's amended complaint (Document No. 12); Plaintiff's more definite statement (Document No. 16); and Plaintiff's amended request for relief (Document No. 20). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his amended complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex ("TCCC"). According to Plaintiff, the Travis County District Attorney's Office entered into evidence in his state criminal proceeding illegally seized evidence. Plaintiff explains his personal conversations were recorded while he was housed at the TCCC and his personal mail was seized. In addition, Plaintiff alleges some of his legal mail was delayed being sent by a week. Plaintiff alleges attorneys will not accept calls from their clients who are calling from the TCCC for fear of the calls being recorded. As a result, Plaintiff asserts he

spent 25 days frantically trying to contact his court appointed attorney to defend Plaintiff's pro se motion for speedy trial.

Plaintiff contends the Travis County District Attorney and the Sheriff have conspired to distort and corrupt the administration of justice. He further alleges pretrial detainees are discriminated against in Travis County.

Plaintiff sues the State of Texas, Travis County District Attorney Rosemary Lehmberg, Travis County Attorney David Escamilla, Members of the Travis County District Attorney's Office, Travis County Sheriff Greg Hamilton, Members of Administration Travis County Correctional, and Securus Communications. Plaintiff initially sought a declaratory judgment and a preliminary and permanent injunction ordering the defendants to cease tampering with mail, wiretapping conversations, discriminatory law enforcement, and conspiracy to distort and corrupt due course of justice and due process of law. Plaintiff subsequently amended his request for relief to include the removal of his state criminal case to this Court.

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement. Plaintiff's more definite statement is less clear than his amended complaint. Plaintiff appears to add a claim under the Eighth Amendment for cruel and unusual punishment and repeats his claims of due process and equal protection violations. Plaintiff also alleges his right to speedy trial has been denied, and as a result, he lost an indispensable material witness. In addition, Plaintiff dismisses his claims against Defendants David Escamilla, the Servants of the Travis County District Attorney's Office, and the Servants of the Travis County Correctional Complex. He also adds a request for monetary relief.

DISCUSSION AND ANALYSIS

    A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

    B.    <u>Voluntary Dismissal</u>

Plaintiff voluntarily dismisses his claims against Defendants David Escamilla, the Servants of the Travis County District Attorney's Office, and the Servants of the Travis County Correctional Complex.

    C.    <u>Eleventh Amendment Immunity</u>

The State of Texas is immune under the Eleventh Amendment from any action brought against it in federal court by its own citizens or by citizens of other states. <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984). Plaintiff's claims against District Attorney Rosemary Lehmberg, in her official capacity, are also barred by Eleventh Amendment Immunity. When acting in their official capacities, Texas district attorneys and assistant district attorneys are

considered agents of the state, which is immune from claims for damages under the Eleventh Amendment. Neinast v. Texas, 217 F.3d 275, 280 (5th Cir. 2000); Esteves v. Brock, 106 F.3d 674, 678 (5th Cir. 1997); Quinn v. Roach, 326 Fed. Appx. 280, 292–293 (5th Cir. May 4, 2009). Accordingly, Plaintiff's claims against the State of Texas and District Attorney Rosemary Lehmberg, in her official capacity, should be dismissed without prejudice for want of jurisdiction.

    D.    Prosecutorial Immunity

District Attorney Rosemary Lehmberg, in her individual capacity, is protected by prosecutorial immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Burns v. Reed, 500 U.S. 478, 487-92 (1991); Imbler v. Pachtman, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (quoting Buckley v. Fitzsimmons 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. Boyd, 31 F.3d at 285; Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. Brummett v. Camble, 946 F.2d 1178, 1181 (5th Cir. 1991), cert. denied, 504 U.S. 965 (1992); Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected. In <u>Imbler</u>, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." <u>Imbler</u>, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In <u>Imbler</u>, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in <u>Burns</u>, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. <u>Burns</u>, 500 U.S. at 493.

In the case at hand, Plaintiff challenges actions taken by District Attorney Rosemary Lehmberg with regard to his criminal case which are clearly protected by prosecutorial immunity. In this action, Plaintiff does not allege any actions taken by the defendant that were outside the course and scope of representing the District Attorney's Office in Plaintiff's criminal proceedings. Therefore, Plaintiff's claims against District Attorney Rosemary Lehmberg, in her individual capacity, should be dismissed as frivolous.

    E.    <u>Sixth Amendment</u>

Plaintiff's claims alleging denial of a speedy trial and ineffective assistance of counsel pursuant to the Sixth Amendment are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). Subject to certain exceptions, <u>Heck v. Humphrey</u> directs lower federal courts to dismiss any § 1983 action that—if successful—would necessarily imply the invalidity of the claimant's criminal conviction. 512 U.S. 477, 486-87 (1994).

Plaintiff recently pleaded guilty to assault family violence – strangulation, a third degree felony. Plaintiff is now serving his probated sentence. A determination in Plaintiff's favor would

5

necessarily implicate the invalidity of his otherwise unchallenged conviction. Therefore, Heck bars his speedy-trial claim. See Anderson v. Galveston Cnty. Dist. Clerk, 91 Fed. Appx. 925, 926 (5th Cir. 2004) ("[Claimant] argues that the district court abused its discretion in dismissing the complaint as frivolous pursuant to Heck v. Humphrey . . . because his complaint challenged the length of his pre-trial detention and not his conviction. . . . [Claimant's] complaint, given its most liberal construction, sought damages for the denial of his Sixth Amendment right to a speedy trial. A determination that [his] Sixth Amendment right to a speedy trial was violated would necessarily implicate the invalidity of his conviction, and [he] has not shown that his conviction has been overturned or otherwise declared invalid.") (unpublished); Josey v. Tex. Dep't of Pub. Safety, 101 Fed. Appx. 9, 10 (5th Cir. 2004) ("[B]y raising his speedy-trial argument, Josey is contesting his continued confinement.") (unpublished). Heck similarly bars his claims asserting ineffective assistance of counsel. Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994) (per curiam) (dismissing, under Heck, a § 1983 claim that defendants had conspired to convict plaintiff by providing ineffective assistance of counsel in plaintiff's criminal trial).

At the time he filed his amended complaint, Plaintiff was contesting his continued confinement. He has now been convicted. However, Plaintiff does not allege his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Because Plaintiff's conviction has not been remedied by any of the procedures listed in Heck, his claims are not cognizable under 42 U.S.C. § 1983.

F.  Defendant Greg Hamilton

1.  Claims for Injunctive Relief

Plaintiff's claims for injunctive relief are moot, because has been released from the TCCC. See Biliski v. Harborth, 55 F.3d 160 (5th Cir. 1995) (dismissing as moot plaintiff's request for a transfer from a county jail due to plaintiff's subsequent transfer to the TDCJ); White v. Colorado, 82 F.3d 364 (10th Cir. 1996) (dismissing as moot plaintiff's claims for prospective injunctive relief due to plaintiff's release from prison); Garrett v. Angelone, 940 F. Supp. 933 (W.D. Vir. 1996) (dismissing as moot the plaintiff's claims regarding the conditions at institutions from which the plaintiff had been transferred) (citing Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991); Magee v. Waters, 810 F.2d 451 (4th Cir. 1987)).

2.  First Amendment

Plaintiff alleges his legal mail was delayed by more than a week by employees at the TCCC. Construing Plaintiff's complaint liberally, Plaintiff may be alleging a First Amendment violation. In order to have standing to claim the processing of his legal mail constituted a denial of his right of access to the courts, Plaintiff must demonstrate an actual injury stemming from the defendants' allegedly unconstitutional conduct. Lewis v. Casey, 518 U.S. 343, 351–54 (1996); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998) (without proving actual injury, the prisoner plaintiff cannot prevail on an access-to-courts claim); Chriceol v. Phillips, 169 F.3d 313 (5th Cir.1999). "Actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348. The Constitution only requires that prisoners be able to present their grievances to the courts and, therefore, neither frivolous filings nor secondary litigation activity, such as legal research and writing that does not

involve preparation of lawsuits challenging the inmate's own conviction(s) or the conditions of his or her confinement, may form the basis for a claim. The impairment of such litigation activity is simply one of the incidental and perfectly constitutional consequences of conviction and incarceration. Johnson v. Rodriguez, 110 F.3d 299, 311 (5th Cir.1997). If a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid. Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir.), cert. denied, 504 U.S. 988 (1992).

In its order requiring a more definite statement, the Court ordered Plaintiff to explain how his legal defense was impaired by the alleged one-week delay in his mail. Plaintiff responded:

> If the Defendants tamper with my U.S. mail, and it causes a delay in U.S. Postal Service, and I experience actual injury from it, because I would not have even noticed it if it did not cause harm.

Although given the opportunity to explain how he was prejudiced, Plaintiff fails to do so. The Court notes Plaintiff was represented by counsel in his criminal case. Accordingly, Plaintiff's claim should be dismissed as frivolous.

      3.    Fourth Amendment[1]

Plaintiff appears to contend the recording of his telephone calls by Securus and the reviewing of his personal mail at the TCCC is a violation of his Fourth Amendment rights. Plaintiff does not allege phone calls with his attorney were recorded. Instead, Plaintiff complains his attorney refused to accept calls from the jail.

The Fourth Amendment protects individuals from unreasonable searches and seizures by the government. A "search" extends to the recording of oral statements and conversations. Katz v. United States, 389 U.S. 347, 353 (1967); Berger v. New York, 388 U.S. 41, 51 (1967). The

---

[1] Plaintiff also makes this claim against Securus Communications.

government cannot monitor or record a call without violating the Fourth Amendment if the parties have a reasonable expectation of privacy in their conversation. Katz, 389 U.S. at 351–52. To establish a Fourth Amendment privacy claim, a plaintiff must demonstrate he had an actual, subjective expectation of privacy, and that his expectation of privacy is objectively reasonable. Zaffuto v. City of Hammond, 308 F.3d 485, 488 (5th Cir. 2002) (citing Katz, 389 U.S. at 351–52).

Pretrial detainees and prisoners do not enjoy the same constitutional protections as unincarcerated individuals. See Hudson v. Palmer, 468 U.S. 517, 527 (1984) (inmate has no reasonable expectation of privacy in prison cell); Bell v. Wolfish, 441 U.S. 520, 556 (1979) (constitutional rights of inmates are "limited by the legitimate goals and policies of penal institution"). Recording detainees' calls is routinely accepted as a practice within the ordinary course of business and within the ordinary course of law enforcement officers' duties. Riviera v. United States, 546 U.S. 1023 (2005); Lanza v. State of New York, 370 U.S. 139, 143 (1962).

Likewise, Plaintiff has no reasonable expectation of privacy in his personal mail. Prisons routinely open and scan inmates' incoming mail for security purposes and the practice has repeatedly passed constitutional muster. Walker v. Navarro Cnty. Jail, 4 F.3d 410 (5th Cir. 1993) (jail has legitimate interest in opening and inspecting incoming mail for contraband); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) (inspection of nonprivileged mail does not violate a prisoner's rights); Martin v. Tyson, 845 F.2d 1451 (7th Cir. 1988) (inspection of inmate's personal mail for contraband served a legitimate purpose); Witherow v. Crawford, 468 F. Supp.2d 1253 (D. Nev. 2006), on reconsideration, 2007 WL 2767206 (D. Nev.2007), adhered to, 2007 WL 2509030 (D. Nev. 2007) and aff'd, 2009 WL 2387251 (9th Cir. 2009) (no valid Fourth Amendment claim since plaintiffs had no reasonable expectation of privacy in their mail); Oliver v. Powell, 250 F. Supp.2d

593 (E.D. Va. 2002) (prison policy of opening and reading incoming general correspondence was justified by legitimate penological interests).

As Plaintiff has failed to allege he had a reasonable expectation of privacy in his phone calls made from the jail or his personal mail, he has failed to allege a valid Fourth Amendment violation. Accordingly, Plaintiff's claims should be dismissed as frivolous.

    4.    <u>Recovery of Civil Damages Under 18 U.S.C. § 2520</u>

Plaintiff may also be asserting a wiretap violation. Section 2520 of the Federal Wiretap Act, as amended by Title I of the Electronic Communications Privacy Act (ECPA), provides that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" may recover civil damages for such violation. <u>See</u> 18 U.S.C. § 2520. However, equipment used by a law enforcement officer in the ordinary course of his duties is excluded. <u>See</u> 18 U.S.C. § 2510(5)(a). Because Plaintiff's calls were monitored on equipment that is excluded from the wiretapping statute, Plaintiff's claim is frivolous.

    5.    <u>Fifth Amendment</u>

Plaintiff also indicates his claims are made pursuant to the Fifth Amendment. However, the Fifth Amendment applies only to the actions of the federal government. <u>Morin v. Caire</u>, 77 F.3d 116, 120 (5th Cir. 2996). Because Sheriff Hamilton is not a federal actor, Plaintiff has failed to allege a valid claim under the Fifth Amendment.

    6.    <u>Eighth Amendment</u>

Plaintiff's Eighth Amendment claim also fails. "The constitutional rights of a convicted state prisoner spring from the Eighth Amendment's prohibition on cruel and unusual punishment," while "[t]he constitutional rights of a pretrial detainee . . . flow from both the procedural and substantive

due process guarantees of the Fourteenth Amendment." Hare v. City of Corinth, 74 F.3d 633 (5th Cir. 1996). At the time he filed his complaint, Plaintiff was a pretrial detainee. Therefore, the Eighth Amendment is not applicable in this case.

       7.       Fourteenth Amendment

Finally, Plaintiff lists a Fourteenth Amendment claim in his complaint. The Court construes Plaintiff's claims as if he is asserting due process and equal protection claims.

The Due Process Clause encompasses both procedural and substantive rights. County of Sacramento v. Lewis, 523 U.S. 833, 840 (1998). The constitutional guarantee of procedural due process includes, at a minimum, notice and an opportunity to be heard in a meaningful time and manner. Gibson v. Tex. Dept. of Ins.-Div. of Workers' Compensation, 700 F.3d 227, 239 (5th Cir. 2012) (quoting Fuentes v. Shevin, 407 U.S. 67, 80 (1972)). The analysis of a procedural due process claim has two steps: 1) whether a liberty or property interest exists with which the State has interfered; and 2) whether the procedures attendant upon the deprivation were constitutionally sufficient. Meza v. Livingston, 607 F.3d 392, 399 (5th Cir. 2010) (quoting Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989), overruled in part on other grounds, Sandin v. Conner, 515 U.S. 472 (1995)), clarified on denial of reh'g, 2010 WL 6511727 (5th Cir. 2010).

The constitutional guarantee of due process also includes a substantive component that protects individuals from arbitrary or conscience-shocking executive action. See Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 867 (5th Cir. 2012) (quoting County of Sacramento, 523 U.S. at 847). The protection is limited, however. If another provision of the U.S. Constitution provides "an explicit textual source of constitutional protection," the plaintiff's claims must be analyzed under that provision rather than the "more generalized notion of substantive due

11

process." Wilson v. Birnberg, 667 F.3d 591, 599 (5th Cir. 2012) (quoting Conn v. Gabbert, 526 U.S. 286, 293 (1999)).

In this case, Plaintiff's complaint and more definite statement refer to his due process rights without specifying either the procedural or substantive component. Plaintiff does not even attempt to explain how his procedural or substantive due process rights were violated by Sheriff Hamilton. Accordingly, Plaintiff has not pleaded a viable due process claim against Sheriff Hamilton.

Plaintiff also has not pleaded a viable equal protection claim. In order to state a claim under the Equal Protection Clause, a plaintiff first must allege "that two or more classifications of similarly situated persons were treated differently" by a state actor. Gallegos–Hernandez v. United States, 688 F.3d 190, 195 (5th Cir. 2012). Plaintiff does not allege he has been treated differently than all of the other detainees at the TCCC. As such, Plaintiff has failed to state a claim under the Equal Protection Clause.

### 8. Miscellaneous Claims

To the extent Plaintiff asserts any other claims against Sheriff Hamilton he has failed to state a viable claim. In the event Plaintiff is attempting to pursue criminal charges, Plaintiff does not have a constitutional right to have someone criminally prosecuted. Oliver v. Collins, 914 F.2d 56 (5th Cir. 1990).

### RECOMMENDATION

It is therefore recommended that Plaintiff's claims be dismissed without prejudice against Travis County Attorney David Escamilla, Members of the Travis County District Attorney's Office, and Members of Administration Travis County Correctional. It is further recommended that Plaintiff's claims against the State of Texas and District Attorney Lehmberg, in her official capacity,

be dismissed without prejudice for want of jurisdiction. It is finally recommended that Plaintiff's remaining claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by

the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of November, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE